Ira G. Greenberg
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Defendants
750 Lexington Avenue, 8th floor
New York, NY 10022
(212) 308-4411

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

MARINO MARIN,

Plaintiff,

No. 07 Civ. 10377 (RWS)

versus

LANE BERRY & CO. INTERNATIONAL, LLC, and FREDRICK C. LANE,

ANSWER

Defendants.

DEFENDANT DEMANDS TRIAL BY JURY.

-----------------------------------------------------------x

FIRST DEFENSE

Defendants Lane Berry & Co. International, LLC and Frederick C. Lane (s/h/a Fredrick C. Lane) answer the complaint of plaintiff Marino Marin as follows:

1. Deny the allegations of paragraphs 1-5 of the complaint, except admit that the action and the claims made in it are based on the allegations set forth.

2. Deny the allegations of paragraph 6 of the complaint, except admit that Lane Berry is not going to pay Mr. Marin any more money.

3. Deny the allegations of paragraphs 7-8 of the complaint.

4. Deny the allegations of paragraph 9 of the complaint, except admit that the claim is based on the allegations set forth.

5. Deny the allegations of paragraph 10 of the complaint, except admit that Mr. Marin makes the allegations set forth.

6. In response to paragraphs 11-13 of the complaint, do not respond to the extent that the allegations contain legal conclusions; but if a responsive pleading were deemed required, lack knowledge or information sufficient to form a belief as to the truth of their allegations, except admit that Lane Berry employed Mr. Marin and that Mr. Lane was, for NASD purposes, his supervisor.

7. Deny the allegations of paragraph 14 of the complaint.

8. Deny the allegations of paragraph 15 of the complaint, except admit that the claim is based on the allegations set forth.

9. Deny the allegations of paragraph 16 of the complaint, except admit that portions of the statute are correctly quoted.

10. Deny the allegations of paragraphs 17-18 of the complaint, except admit that Mr. Marin seeks the relief set forth.

11. Deny the allegations of paragraph 19 of the complaint.

12. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the complaint, except admit that Mr. Marin is a natural person.

13. Deny the allegations of paragraphs 21-22 of the complaint.

14. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the complaint.

15. Deny the allegations of paragraph 24 of the complaint, except admit that, if the Court has subject matter jurisdiction, venue would lie in this District.

16. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 25-35 of the complaint.

17. Admit the allegations of paragraph 36 of the complaint.

18. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 37-38 of the complaint.

19. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the complaint, except admit that Mr. Marin accepted an invitation to meet with Mr. Lane.

20. Admit the allegations of paragraph 40, except deny that the meetings occurred in 2006.

21. Admit the allegations of paragraph 41 of the complaint.

22. Admit the allegations of paragraph 42 of the complaint, except lack knowledge or information sufficient to form a belief as to what other offers, if any, Mr. Marin might actually have had.

23. Deny the allegations of paragraph 43 of the complaint.

24. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the complaint.

25. Admit the allegations of paragraph 45 of the complaint.

26. Admit the allegations of paragraph 46 of the complaint, except deny that Mr. Marin was offered a position as a partner and that Lane Berry had an M&A group.

27. Deny the allegations of paragraph 47 of the complaint, except admit that on or about September 29, 2005, Lane Berry sent Mr. Marin the email and its attachment a copy of which is found at exhibit G to the complaint.

28. Deny the allegations of paragraph 48 of the complaint, except lack knowledge or information sufficient to form a belief as to what Mr. Marin was doing during this period.

29. Admit the allegations of paragraph 49 of the complaint.

30. Deny the allegations of paragraph 50 of the complaint, except admit that Mr. Marin sent a copy of exhibit J to Lane Berry.

31. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the complaint.

32. Deny the allegations of paragraph 52 of the complaint, except admit that Mr. Marin's base salary was increased to $200,000 at the same time that the base salary of other managing directors was increased to that level.

33. Admit the allegations of paragraph 53 of the complaint, except deny that the quotation is complete.

34. Deny the allegations of paragraph 54 of the complaint, except admit that Lane Berry sent Mr. Marin page 39 of the PPM.

35. Deny the allegations of paragraph 55 of the complaint, except admit that the quotation is substantially accurate.

36. Deny the allegations of paragraph 56 of the complaint, except admit that the quotation is accurate.

37. Deny the allegations of paragraph 57 of the complaint.

38. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the complaint, except admit that Mr. Marin agreed to invest $125,000 in Lane Berry.

39. Admit the allegations of paragraph 59 of the complaint.

40. Deny the allegations of paragraph 60 of the complaint, except lack knowledge or information sufficient to form a belief as to Mr. Marin's separation from Unicredit, the change in his bonus, or the quality of his performance there.

41. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 of the complaint.

42. Deny the allegations of paragraph 62 of the complaint, except admit that Mr. Marin began to work for Lane Berry as a managing director in or about early April, 2006.

43. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the complaint, except admit that Mr. Marin was not head of an M&A group.

44. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64-66 of the complaint.

45. Deny the allegations of paragraph 67 of the complaint, except admit that Mr. Marin remained for a time as a Lane Berry employee, and lack knowledge or information sufficient to form a belief as to whether he was loyal, dedicated, interested in performing his duties, and acting in furtherance of the firm's best interests.

46. Admit the allegations of paragraph 68 of the complaint.

47. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 of the complaint.

48. Deny the allegations of paragraphs 70-73 of the complaint.

49. Deny the allegations of paragraph 74 of the complaint, except admit that Lane Berry received $100,000 on the first listed transaction and that Mr. Marin was responsible in part for bringing in that transaction, that Mr. Marin was responsible in part for bringing in the third listed transaction, that Lane Berry received $80,000 as a retainer in 2006 and an additional sum after Mr. Marin's departure in 2007 on the fourth listed transaction and that he was responsible in part for bringing in that transaction, and that money was received after Mr. Marin's departure in 2007 on the seventh listed transaction and that he was responsible in part for bringing in that transaction.

50. Deny the allegations of paragraph 75 of the complaint, except admit that Mr. Marin participated in the Etonic transaction for a period of time and that Lane Berry received $750,000 on account of the transaction.

51. Deny the allegations of paragraph 76 of the complaint, except lack knowledge or information sufficient to form a belief as to the efforts, if any, Mr. Marin made to attract equity capital to Lane Berry.

52. Deny the allegations of paragraph 77 of the complaint.

53. Deny the allegations of paragraph 78 of the complaint, except admit that Mr. Marin made a presentation to Mr. Lane on or about October 18, 2006.

54. Deny the allegations of paragraph 79 of the complaint, except admit that the quoted excerpts appear in exhibit N.

55. Admit the allegations of paragraph 80 of the complaint, except deny that Mr. Marin was a partner, that $100,000 was "paltry," and that the first quotation is correct.

56. Deny the allegations of paragraph 81 of the complaint, except lack knowledge or information sufficient to form a belief as to Mr. Marin's state of mind or as to Mr. Marin's bonus in earlier years.

57. Deny the allegations of paragraph 82 of the complaint.

58. Deny the allegations of paragraph 83 of the complaint, except admit that exhibit O is correctly quoted.

59. Deny the allegations of paragraph 84 of the complaint.

60. Deny the allegations of paragraph 85 of the complaint, except admit that Mr. Marin's bonus remained $100,000.

61. Deny the allegations of paragraph 86 of the complaint, except admit that Mr. Marin asked Mr. Lane to have Lane Berry repurchase his stock and that Mr. Lane agreed.

62. Admit the allegations of paragraph 87 of the complaint.

63. Deny the allegations of paragraph 88 of the complaint, except admit that initially Mr. Marin was only paid $75,000 of his bonus.

64. Deny the allegations of paragraph 89 of the complaint, except admit that shortly thereafter Mr. Marin was paid an additional $25,000 in bonuses.

65. Deny the allegations of paragraph 90 of the complaint, except admit that Lane Berry undertook to take action to improve the firm's financial performance and to broaden its equity ownership.

66. Deny the allegations of paragraph 91 of the complaint.

67. Deny the allegations of paragraph 92 of the complaint, except admit that Lane Berry did not offer Mr. Marin stock grants.

68. Deny the allegations of paragraph 93 of the complaint, except admit that Mr. Marin discussed his compensation with Mr. Lane.

69. Deny the allegations of paragraph 94 of the complaint, except lack knowledge or information sufficient to form a belief as to whether Mr. Marin told Mr. Lane that the situation was intolerable for him.

70. Deny the allegations of paragraph 95 of the complaint, except admit that Mr. Lane undertook to try to resolve the situation and agreed to meet with Mr. Marin.

71. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96 of the complaint.

72. Deny the allegations of paragraph 97 of the complaint, except admit that on or about February 16, 2007, Lane Berry terminated Mr. Marin access to his Lane Berry email account.

73. Admit the allegations of paragraph 98 of the complaint.

74. Deny the allegations of paragraph 99 of the complaint, except admit that Mr. Marin had removed all his personal property from his office and that Mr. Lane believed that Mr. Marin had resigned.

75. Deny the allegations of paragraph 100 of the complaint.

76. Admit the allegations of paragraph 101 of the complaint, except deny that the statement was made in a firmwide address.

77. Deny the allegations of paragraph 102 of the complaint, except admit that Mr. Lane said to Mr. Marin, in words or substance, that he (Marin) did not appreciate or conform to the informal, cooperative, and revenue-driven business culture of Lane Berry.

78. Deny the allegations of paragraph 103 of the complaint, except admit that on February 21, 2006, Mr. Lane went to New York, in part to meet with Mr. Marin.

79. Admit the allegations of paragraph 104 of the complaint, except lack knowledge or information sufficient to form a belief about the times of the meetings.

80. Deny the allegations of paragraph 105 of the complaint, except lack knowledge or information sufficient to form a belief as to whether Mr. Lane asked Mr. Marin where he was planning to work.

81. Deny the allegations of paragraph 106 of the complaint, except lack knowledge or information sufficient to form a belief as to Mr. Marin's state of mind.

82. Deny the allegations of paragraph 107 of the complaint, except admit that Mr. Lane acknowledged that Mr. Marin was not paid according to his (Mr. Lane's) original expectations.

83. Deny the allegations of paragraphs 108-10 of the complaint.

84. Deny the allegations of paragraph 111 of the complaint, except lack knowledge or information sufficient to form a belief as to Mr. Marin's state of mind.

85. Deny the allegations of paragraph 112 of the complaint.

86. Are unable to respond to paragraph 113 of the complaint as phrased, but deny that Lane Berry acted without business justification for all conduct

taken toward Mr. Marin and that it made any discriminatory remarks concerning Mr. Marin's national origin.

87. Deny the allegations of paragraph 114 of the complaint, except admit that Wollars paid a termination fee to Lane Berry, and lack knowledge or information sufficient to form a belief as to the effect of that fee on Mr. Marin's entitlements elsewhere.

88. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 115-17 of the complaint.

89. Deny the allegations of paragraph 118 of the complaint, except lack knowledge or information sufficient to form a belief as to Mr. Marin's sense of dedication, and admit that Lane Berry took no disciplinary action against him.

90. Deny the allegations of paragraph 119 of the complaint.

91. Deny the allegations of paragraph 120 of the complaint, except lack knowledge or information sufficient to form a belief as to what persons Mr. Marin may have contacted.

92. Deny the allegations of paragraph 121 of the complaint, except admit that Lane Berry does not presently employ any staff in New York City.

93. Deny the allegations of paragraph 122 of the complaint.

94. In response to paragraph 123 of the complaint, reallege the responsive paragraphs of this answer.

95. Deny the allegations of paragraphs 124-28 of the complaint.

96. In response to paragraph 129 of the complaint, reallege the responsive paragraphs of this answer.

97. Deny the allegations of paragraphs 130-32 of the complaint.

98. In response to paragraph 133 of the complaint, reallege the responsive paragraphs of this answer.

99. Deny the allegations of paragraph 134 of the complaint, except admit that Lane Berry promised to pay certain compensation to Mr. Marin.

100. Deny the allegations of paragraph 135 of the complaint, except lack knowledge or information sufficient to form a belief as to Mr. Marin's state of mind.

101. Deny the allegations of paragraphs 136-39 of the complaint.

102. In response to paragraph 140 of the complaint, reallege the responsive paragraphs of this answer.

103. Deny the allegations of paragraphs 141-42 of the complaint.

104. Deny the allegations of paragraph 143 of the complaint, except admit that Mr. Marin was employed until his employment terminated.

105. Deny the allegations of paragraphs 144-45 of the complaint.

106. In response to paragraph 146 of the complaint, do not respond to the extent that the allegations contain legal conclusions; but if a responsive pleading is required, deny its allegations.

107. Deny the allegations of paragraph 147 of the complaint, except lack knowledge or information sufficient to form a belief as to Mr. Marin's state of mind.

108. Deny the allegations of paragraph 148 of the complaint.

109. In response to paragraph 149 of the complaint, reallege the responsive paragraphs of this answer.

110. In response to paragraphs 150-51 of the complaint, do not respond to the extent that the allegations contain legal conclusions; but if a responsive pleading is required, lack knowledge or information sufficient to form a belief as to the truth of their allegations.

111. Admit the allegations of paragraph 152 of the complaint, except deny that the quoted portion is complete.

112. Deny the allegations of paragraphs 153-56 of the complaint.

113. In response to paragraph 157 of the complaint, reallege the responsive paragraphs of this answer.

114. Deny the allegations of paragraph 158 of the complaint.

115. In response to paragraph 159 of the complaint, cannot respond, in that the meaning of the phrase "treated to a lower standard of performance" is unclear; however, if the allegation is that defendants employ a different standard in evaluating non-Italians from that used in evaluating Italians, deny its allegations.

116. Deny the allegations of paragraph 160 of the complaint.

117. In response to paragraph 161 of the complaint, do not respond to the extent that the allegation contains legal conclusions; but if a responsive pleading is required, deny their allegations, except lack knowledge or information sufficient to form a belief as to the consequences of Mr. Marin's departure from Lane Berry.

118. Deny the allegations of paragraphs 162-65 of the complaint.

119. In response to paragraph 166 of the complaint, reallege the responsive paragraphs of this answer.

120. Deny the allegations of paragraphs 167-70 of the complaint.

SECOND DEFENSE

121. Certain counts of the complaint fail to state a claim upon which relief can be granted.

THIRD DEFENSE

122. On information and belief, the statute of frauds bars certain counts of the complaint.

FOURTH DEFENSE

123. Lane Berry had more than ample nondiscriminatory reasons to have terminated Mr. Marin.

FIFTH DEFENSE

124. On information and belief, Mr. Marin failed to mitigate his damages, if any.

COUNTERCLAIM

125. Lane Berry loaned Mr. Marin $46,336.

126. By the terms of the parties' agreement, half of it was forgiven.

127. Although duly demanded, Mr. Marin has refused and continues wrongfully to refuse to repay all or any part of the $23,168 that remains unforgiven.

WHEREFORE, defendants Lane Berry & Co. International, LLC and Frederick C. Lane (s/h/a Fredrick C. Lane) demand judgment in their favor on the complaint; defendant Lane Berry & Co. International, LLC demands judgment of plaintiff

Marino Marin in the sum of $23,168, together with interest on that sum, and both defendants demand the costs and disbursements of this action.

Dated: New York, NY
December 19, 2007

                                                Ira G. Greenberg
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Defendants
750 Lexington Avenue, 8th floor
New York, NY 10022
(212) 308-4411

TO:

Jonathan S. Sack, Esq.
SACK & SACK
Attorneys for Plaintiff
110 East 59th Street, 19th floor
New York, NY 10022
(212) 702-9000

CERTIFICATE OF SERVICE

I certify that on the 19th day of December, 2007, I caused a true copy of the attached answer to be served upon:

Jonathan S. Sack, Esq.
SACK & SACK
Attorneys for Plaintiff
110 East 59th Street, 19th floor
New York, NY 10022
by first-class mail.

IRA G. GREENBERG